### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **WILLIAM T. MCNAMEE,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| ) | |
| **v.** ) | **CIVIL ACTION** |
| ) | **No. 21-11729-TSH** |
| ) | |
| **DEUTSCHE BANK TRUST COMPANY** ) | |
| **AMERICAS, AS TRUSTEE FOR** ) | |
| **RESIDENTIAL ASSET MORTGAGE** ) | |
| **PRODUCTS, INC., MORTGAGE-BACKED** ) | |
| **PASS-THROUGH CERTIFICATES,** ) | |
| **SERIES 2004-SL2, ITS ASSIGNEES AND** ) | |
| **OR ITS SUCCESSORS IN INTEREST,** ) | |
| ) | |
| **Defendant.** ) | |

### MEMORANDUM OF DECISION AND ORDER ON
### DEFENDANT'S MOTION FOR JUDGMENT ON THE PLEADINGS
**August 4, 2022**

**HILLMAN, D.J.**

Plaintiff William T. McNamee's ("Plaintiff") complaint (the "Complaint") seeks declaratory judgment (Count I) that Deutsche Bank Trust Company America's ("Deutsche Bank" or "Defendant") mortgage on his property became invalid once the six-year statute of limitations to sue on the note expired, and (Count II) for injunctive relief. Defendant filed a motion for judgment on the pleadings, asserting that Plaintiff has not paid the mortgage for thirteen years, the mortgage remains enforceable after the statute of limitations on the note, and that because injunctive relief is not a separate cause of action, that claim must be dismissed. For the following reasons, Defendant's motion for judgment on the pleadings is **granted**.

*The Property*

Edwin R. Kilpatrick and Eileen M. Kilpatrick (collectively, the "Borrowers") obtained title to the real property located at 2230 Old Turnpike Road, Oakham, Massachusetts (the "Property") via deed dated February 5, 2000 and recorded at the Worcester County Registry of Deeds in Book 22297, Page 334. Edwin R. Kilpatrick died on May 17, 2000. On March 8, 2007, Eileen M. Kilpatrick conveyed the Property via Quitclaim Deed to McNamee, her son-in-law, for less than $100.00. Eileen M. Kilpatrick later died in 2013.

*The Mortgage and Subsequent Foreclosure*

On or about February 5, 2000, the Borrowers borrowed $150,000.00 via a Note (the "Note") from Sherwood Mortgage Group, Inc. ("Sherwood"). To secure their obligations under the Note, the Borrowers executed a mortgage dated February 5, 2000 (the "Mortgage") (together with the Note, the "Mortgage Loan") in favor of Sherwood Mortgage Group, Inc., encumbering the Property. The maturity date of the Mortgage is February 7, 2030. (Id.)

The Mortgage was subject to a series of assignments between 2000 and 2014, including: (i) from Sherwood to Mortgage Amenities Corp. on February 5, 2000; (ii) from Mortgage Amenities Corp. to Residential Funding Corporation on May 22, 2000; (iii) from Residential Funding Corporation to Bank One National Association as Trustee on October 1, 2003; (iv) from Bank One National Association as Trustee to Deutsche Bank Trust Company Americas, as Trustee on April 24, 2008; and (v) a confirmatory assignment from Bank One National Association f/k/a The First National Bank of Chicago to Deutsche Bank Trust Company Americas, as Trustee for Residential Asset Mortgage Products, Inc., Mortgage-Backed Pass-Through Certificates, Series 2004-SL2 on April 14, 2014. The Mortgage Loan has not been paid in more than 13 years. As a result, the Mortgage Loan is in default and Deutsche Bank as Trustee

scheduled a foreclosure auction of the Property for October 14, 2021.

## Procedural Background

McNamee filed the present Complaint in Worcester Superior Court on October 13, 2021, the day before the scheduled foreclosure auction of the Property. (ECF No. 1.) In the two-count Complaint, McNamee seeks: (i) declaratory judgment that the Mortgage is unenforceable because the six-year statute of limitations to sue on the Note has expired; and (ii) injunctive relief barring Deutsche Bank as Trustee from foreclosing on the Property. (Id.) On October 13, 2021, the Worcester Superior Court granted McNamee an ex parte Temporary Restraining Order, halting the foreclosure auction scheduled for the next day. On October 22, 2021, Deutsche Bank as Trustee timely removed the case to this Court based on diversity jurisdiction. (Id.)

## Standard of Review

This Court reviews motions for judgment on the pleadings under a standard that is essentially the same as that for a motion to dismiss under Fed. R. Civ. P. 12(b)(6), except that "[a] Rule 12(c) motion, unlike a Rule 12(b)(6) motion, implicates the pleadings as a whole." Aponte–Torres v. Univ. of P.R., 445 F.3d 50, 54-55 (1st Cir. 2006). Thus, the court views "the facts contained in the pleadings in the light most favorable to the party opposing the motion ... and draw[s] all reasonable inferences in [that party's] favor." Curran v. Cousins, 509 F.3d 36, 43 (1st Cir. 2007). Dismissal is only appropriate if the pleadings, viewed in the light most favorable to the non-moving party, fail to support a "plausible entitlement to relief." Kimmel & Silverman, P.C. v. Porro, 969 F. Supp. 2d 46, 49-50 (D. Mass. 2013) (citing Rodriguez–Ortiz v. Margo Caribe, Inc., 490 F.3d 92, 95 (1st Cir. 2007)).

To survive a motion for judgment on the pleadings, a complaint must state a claim that is plausible on its face. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). For a claim to be plausible, the "[f]actual allegations must be enough to raise a right to relief above the speculative level...." *Id*. at 555 (internal citations omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Twombly*, 550 U.S. at 556). It is proper for a court to make a judgment on the pleadings when the complaint fails to show a plausible right to relief. *See Villeneuve v. Avon Prods., Inc*., 919 F.3d 40, 49 (1st Cir. 2019).

## Discussion

Plaintiff and Defendant agree on the material facts of the case and the procedural history of the note and the mortgage. Plaintiff seeks to invalidate the mortgage, alleging that the mortgage is unenforceable because the six-year statute of limitations to collect on the note has expired. Defendant contends that the current state of the law in Massachusetts is that a mortgage does not become unenforceable merely because the statute of limitations has run on the underlying note.

Mass. Gen. Laws c. 106, § 3-118 establishes a six-year limitations period for actions to enforce obligations under negotiable instruments. *See* Mass. Gen. Laws ch. 106, § 3-118(a) ("[A]n action to enforce the obligation of a party to pay a note payable at a definite time must be commenced within six years after the due date or dates stated in the note or, if a due date is accelerated, within six years after the accelerated due date."). The complaint alleges that, because the promissory note was accelerated in 2006, foreclosure is now time-barred.

Under Massachusetts law, the note and the mortgage are separate legal instruments and, under the common law, they can travel separately. *Galvin v. U.S. Bank, N.A*., 852 F.3d 146, 155

4

(1st Cir. 2017) *citing Eaton v. Fed. Nat'l Mortg. Ass'n*, 462 Mass. 569, 969 N.E.2d 1118, 1124 (2012); see also *Duplessis v. Wells Fargo Bank, NA*., 91 Mass. App. Ct. 1125 (2017) (explaining that "the statute of limitations found at G. L. c. 106 § 3-118(a) does not apply to foreclosures" because "foreclosure is an action in rem"). The mortgagee holds legal title to the mortgaged property until the note is discharged. *See id*. Because a mortgage is not a negotiable instrument, section 3-118 "does not apply to foreclosures." *Simmons v. Deutsche Bank Nat'l Tr. Co*., 2018 WL 1924453, at *5 (D. Mass. Apr. 24, 2018) (*quoting Duplessis v. Wells Fargo Bank, N.A*.); *see Junior v. Wells Fargo Bank, N.A*., No. 17-CV-10460-RGS, 2017 WL 1199768, at *2 (D. Mass. Mar. 30, 2017) (explaining that "[w]hile the Statute of Limitations may bar the collection of a note more than six years overdue... the mortgagee... may still foreclose the mortgage"). Massachusetts law provides a separate statute of limitations for mortgages, which is, "in the case of a mortgage in which the term or maturity date of the mortgage is stated, 5 years from the expiration of the term or from the maturity date." Mass. Gen. L. c. 260, § 33.

Here, it is undisputed that the maturity date of the Mortgage is February 7, 2030. As a result, foreclosure is not barred by the statute of limitations and judgment on the pleadings will be granted as to Count I.

Because the court has decided that plaintiffs have failed to state claims upon which relief may be granted, Fed. R. Civ. P. 12(b)(6), it is unnecessary to reach the standing issues raised by the Defendant, or to consider the merits of Plaintiff's request for a preliminary injunction in Count II. Accordingly, judgment on the pleadings is granted as to all counts.

## <u>Conclusion</u>

For the reasons set forth above, Defendant's Motion for Judgment on the Pleadings (Docket No. 15) is ***<u>granted</u>***.


**SO ORDERED**.

/s/ *Timothy S. Hillman*
TIMOTHY S. HILLMAN
UNITED STATES DISTRICT JUDGE
